(No. 2476— )

CHARLES H. HOFF, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 12, 1937.*

R. N. INGELSON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant alleges in his complaint that on June 17th, 1934 he was driving his automobile on S. B. I. Route No. 6 about five miles east of the City of Morris, Illinois, and was in the exercise of all due care and caution for his own safety; that at the time and place aforesaid, the shoulder on said highway was maintained by the respondent in a defective and danger-

ous condition; that as the result of the carelessness and negligence of the respondent in the maintenance of the shoulder on said highway as aforesaid, the automobile in which the claimant was riding, was caused to turn over and was thereby demolished; by reason whereof he claims damages.

The Attorney General has moved to dismiss the case for the reason that there is no liability on the part of the State for the acts of its servants and agents under the doctrine of respondeat superior in the absence of a statute making it so liable.

Claimant admits that the general rule is as stated by the Attorney General, but contends that the negligence of the respondent was wilful and wanton, and that an exception to the general rule exists in such cases.

This identical question was raised and fully considered by the court on rehearing in the case of *George Franklin Garbutt, Admr.* vs. *State,* No. 2246 (opinion on rehearing filed at the present term of this court) and we there held adversely to the contention of the claimant. In that case we said:

"If the State is not liable for the ordinary negligence of its servants and agents, there is no principle of law under which it can be held liable for the gross or wanton negligence of such servants and agents, in the absence of a statute making it so liable. The purported exception has no basis in law, and is no longer recognized by this court."

Our jurisdiction is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity if the State were suable.

We have no authority to allow an award under the allegations of the complaint and the motion of the Attorney General must therefore be sustained.

Motion to dismiss allowed. Case dismissed.